UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN BROSSARD,<br><br>                    Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                    Defendant. | CASE NO. C09-5072BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: March 12, 2010 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the court on plaintiff's motion for an award of fees and costs (Doc. 23) and motion to extend time (Doc. 29). After reviewing the record, the undersigned recommends that the Court grant the motion to extend time and the underlying motion for EAJA fees.

## **INTRODUCTION AND PROCEDURAL HISTORY**

On February 9, 2009, plaintiff filed a Complaint to obtain review of the Commissioner's final administrative decision. On September 10, 2009, the Court issued an Order, based on the

REPORT AND RECOMMENDATION - 1

stipulation of the parties, reversing and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). A judgment reversing and remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) was also filed on September 10, 2009. (Doc. 22).

Ninety-one days later, on December 10, 2009 -- one day late -- Plaintiff filed a Motion for Attorney's Fees and Expenses under the EAJA, requesting attorney's fees in the amount of $6,219.16 and expenses in the amount of $19.60. (Doc. 23)

## DISCUSSION

This motion illustrates why courts should allow exceptions to rules when those same rules allow for such exceptions. The first rule is to do justice, and justice is better served here by granting plaintiff's motion for a one-day extension to file a meritorious petition for fees and costs.

"The Equal Access to Justice Act (EAJA or Act) departs from the general rule that each party to a lawsuit pays his or her own legal fees." Scarborough v. Principi, 541 U.S. 401, 404-05 (2004), (*citing* Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975)). Under EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses[,]" Flores v. Shalala, 49 F.3d 562, 566 (9th Cir.1995), but not when the "court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A).

EAJA, however, limits the time during which a claimant may file a fee application. 28 U.S.C. § 2412(d)(1)(B). Under § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is

REPORT AND RECOMMENDATION - 2

eligible to receive an award under this subsection...." *Id*. (emphasis added). Section 2412(d)(2)(G), in turn, provides that " 'final judgment' means a judgment that is final and not appealable...." *Id*. As a result, in order to be timely, a party seeking attorneys' fees must file his application within 30 days after a "judgment that is final and not appealable." *Id*.

The Supreme Court has explained that the 30-day period in § 2412(d)(1)(B) begins to run only after the appeal period has run. <u>Melkonyan v. Sullivan, 501 U.S. 89,</u> 95-96, (1991); *see* <u>Hoa Hong Van v. Barnhart</u>, 483 F.3d 600 (9th Cir. 2007)(a claimant, following a remand under either sentence four or six of 42 U.S.C. § 405(g), may file a fee application within 30 days after the 60-day appeal period in Rule 4(a) has expired).

Here, plaintiff's motion for attorneys' fees under EAJA was one day late. Plaintiff does not deny that the motion for fees was filed late, but asks the court to excuse his neglect to file on time. Plaintiff asks the court to (i) treat his motion for attorneys fees as an amendment to the request that was stated in the complaint, (ii) to "either issue a Judgment nunc pro tunc dated one day after the judgment that was issued in this case, which would effectively extend the filing deadline by one day, or to extend the filing deadline for this motion by one day pursuant to FRCP 6(b)(1)(B), as the EAJA Motion was filed one day late due to excusable neglect", or simply, grant his motion for an extension of time to file the fee application, Doc. 29.

The undersigned recommends granting the motion to extend time and therefore accepting the motion for fees for the following reasons. First, the 30-day period in § 2412(d)(1)(B) is not jurisdictional. <u>Scarborough v. Principi</u>, 541 U.S. 401, 402 (2004). Second, Rule 6 of Federal Rules of Civil Procedure allows the court to accept untimely motions due to excusable neglect. Fed. R. Civ. P. Rule 6(b)(1)(B). Here, plaintiff's counsel explained that he filed it late because of the pressures of private practice. He stated:

> I filed it late because I was exhausted from too many briefs and too many administrative hearings in too short a time. I was confused about the due date for this Motion; although my calendar showed the due date as December 9th, I mistakenly thought the Motion was due thirty days after December 9th, not on December 9th.

This judge is not so removed from private practice to have forgotten the many demands that sometimes cause an otherwise very competent attorney to have a momentary lapse. Courts should decide issues on the merits whenever possible, rather than on technicalities. Fed. R. Civ. P. Rule 6(b)(1)(B) allows the court to grant exceptions to rules when rules get in the way of deciding things on their merits.

After considering the record, this court finds filing of the motion for EAJA fees one day late was excusable neglect and the motion for an extension of time should be granted under Rule 6 of the Federal Rules of Civil Procedure.

## CONCLUSION

Based on the foregoing discussion, the Court should grant plaintiff's motion to extend the time to file his motion for fees and grant the underlying motion for EAJA fees.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 12, 2010, as noted in the caption.

DATED this 17th day of February, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4