UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN L. BROSSARD,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | CASE NO. C09-5072BHS<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 33). The Court has considered the report and recommendation and the remaining record and hereby declines to adopt the report and recommendation (Dkt. 33), denies Plaintiff's motion for EAJA fees and costs (Dkt. 23), and denies Plaintiff's motion to extend time (Dkts. 25, 29) for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On February 9, 2009, Plaintiff filed a complaint to obtain review of the Social Security Commissioner's final decision. Dkt. 3. On September 10, 2009, the Court issued an order, based on stipulation of the parties, reversing and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 21. The Court then issued a judgment reversing

ORDER – 1

and remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 22.

On December 10, 2009, ninety-one days after September 10, 2009, Plaintiff filed a Motion for Attorney Fees and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 23. Defendant responded. Dkt. 24. Plaintiff replied. Dkt. 25. Defendant submitted a surreply. Dkt. 27-2.

On February 17, 2010, the Magistrate Judge issued a report and recommendation. Dkt. 33.

## II. STATEMENT OF FACTS

Plaintiff moved the Court to (1) find that his motion for attorney fees and expenses relates back to his request for EAJA fees included in his complaint (Dkt. 3); (2) issue a judgment nunc pro tunc one day after the judgment that was issued in this case (Dkt. 22); or (3) extend the filing deadline for his motion for EAJA fees by one day for excusable neglect, pursuant to Fed. R. Civ. P. 6(b)(1)(B). Dkts. 23, 25, 29.

Plaintiff does not deny that the motion for EAJA fees was untimely filed (Dkts. 25, 29), and Defendant objected to Plaintiff's late filing (Dkt. 24).

The Magistrate Judge issued a report and recommendation that the Court should grant Plaintiff's motion to extend time to file his motion for EAJA fees under Fed. R. Civ. P. 6(b)(1)(B), due to excusable neglect by Plaintiff, and that the Court should grant Plaintiff's motion for EAJA fees. Dkt. 33.

## III. DISCUSSION

The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). In Social Security cases, the EAJA

ORDER – 2

filing period starts after the district court enters judgment and the appeal period has run, which renders the judgment final and no longer appealable. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding that a remand based on sentence four becomes a final judgment for purposes of attorney fees under the EAJA upon expiration of the time for appeal).

The time for appeal in a civil case in which the federal government is a party ends sixty days after entry of judgment. Fed. R. App. P. 4(a); *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Judgment is considered entered under Rule 4(a) if it has been entered in compliance with Fed. R. Civ. P. 58. *Id*. Under Rule 58, judgment is considered entered when the judgment is entered in the civil docket and is set out in a separate document. Fed. R. Civ. P. 58(c).

In this case, judgment in favor of Plaintiff was entered on the civil docket in a separate document on September 10, 2009. Dkt. 22. The judgment became final and appealable 60 days later, November 10, 2009. *See* Fed. R. App. P. 4(a); *Akopyan*, 296 F.3d at 854. Thus, Plaintiff had until December 9, 2009, to file his motion for attorney fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1) (A)-(B).  Plaintiff did not file his motion until December 10, 2009, one day after it would have been timely.

Although the thirty-day time period is not jurisdictional, *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004), the time limits for submitting EAJA fee applications are strictly construed because the EAJA is a waiver of sovereign immunity. *Arulampalam v. Gonzales*, 399 F.3d 1087, 1089 (9th Cir. 2005).  Untimeliness, then, is a statutory bar that requires denial of the EAJA fee application. *See Arulampalam*, 399 F.3d at 1090.

Because Plaintiff does not provide any persuasive authority that would permit him to circumvent the explicit statutory filing deadlines for EAJA fee applications, the Court must

ORDER – 3

reject each of Plaintiff's three theories for recovery. While this may be a harsh result for filing a pleading only one day late, it is a result the law compels. Therefore, the Court denies the Plaintiff's motion for extension of time.

## IV. ORDER

(1)    The Court declines to adopt the Report and Recommendation (Dkt. 33);

(2)    The motion for an extension of time is **DENIED**; and

(3)    The motion for EAJA fees is **DENIED**.

DATED this 28th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4